UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

FEB 05 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

THOMAS G. COCKRELL,

      Plaintiff,

    v.

ROBERT S. SPARKS, et al.,

      Defendants.

CIVIL ACTION

NO. 4:05-CV-195-RLV

O R D E R

This is an action pursuant to 42 U.S.C. § 1983, in which the plaintiff alleges that his civil rights were violated when excessive force was used while he was incarcerated in the Floyd County Jail.  Pending before the court are (1) Sheriff Robert S. Sparks's Motion to Dismiss [Doc. No. 38], (2) Sheriff Robert S. Sparks's Motion to Compel Discovery and to Extend the Deadline for Completing Discovery [Doc. No. 39], (3) the Defendants' Motion for Summary Judgment [Doc. No. 40], (4) the plaintiff's Motion to Extend Time to File Answers to Defendants [*sic*] Motion for Summary Judgment [Doc. No. 43], and  (5) the plaintiff's Motion to Amend Complaint [Doc. No. 56].

In his original complaint, filed on September 7, 2005, the plaintiff named Sheriff Robert S. Sparks and Deputy Sheriff Kevin Redden "in their individual official capacities" as defendants.  On March 20, 2006, the plaintiff moved to dismiss Kevin Redden and to add Henry King III and Kenyon Ballew as defendants.  By order dated April 25, 2006, the court granted that motion and directed the

plaintiff "to serve the newly-added defendants in a timely manner." Although it appears that the plaintiff served the new defendants a short time thereafter, it does not appear that he amended his complaint to include any allegations against these particular defendants.

In his brief in support of his motion to amend his complaint, the plaintiff abandoned his claims against Sheriff Sparks and also abandoned his claims against the defendants in their official capacity. In that brief, the plaintiff also concedes that he has no claim against Corporal Ballew. Since the original complaint does not contain any allegations against Sergeant King, all defendants are entitled to summary judgment with respect to the claims in the original complaint.

In moving to amend his complaint, the plaintiff states that he has prepared a document "to satisfy any perceived or real deficiency" in his original complaint. However, he does not provide the court with a copy of such document. Although Rule 15, Federal Rules of Civil Procedure, provides that leave to amend should be freely given, such permission should not be granted if the amendment would be futile. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). A review of the undisputed facts contained in the depositions submitted in conjunction with the defendants' motion for summary judgment shows that an amendment would be futile.

2

The undisputed evidence before the court shows that the plaintiff was arrested by his nephew for public drunkenness, when he was found drunk and staggering down a road.  The plaintiff was taken to the Floyd County Jail and placed in the drunk tank. Shortly thereafter, because an inmate had attempted suicide, a deputy sought to move the plaintiff from the drunk tank.[1]  Although the defendants dispute that any deputy touched the plaintiff, the plaintiff contends that a deputy came into his second cell, told him to "shut the hell up," and then shoved him to the ground, causing him to hit the concrete floor and suffer severe injuries, including a broken arm and a broken hip.  It is undisputed that while the plaintiff was in the second cell, he was drunk and belligerent and was yelling and banging on the cell door with his shoe.  It is further undisputed that after the plaintiff fell (or was shoved), the jail officials provided him with immediate medical attention.

Even if the court assumes that a deputy came into the plaintiff's cell and shoved him, the court holds that such force did not constitute the kind of excessive force that is violative of the Constitution.  "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause, instead of the Eight Amendment's Cruel and Unusual Punishment Clause, which applies to such claims

---

[1] It is the policy of the jail officials to place inmates on suicide watch in the drunk tank since that cell has been stripped down for safety reasons.

by convicted prisoners." Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). "However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees" *Id.* "The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002).

Not every push or shove, even one later deemed unnecessary, violated a prisoner's constitutional rights. "As a general rule, to prevail on a claim of a substantial due-process violation, a plaintiff must prove that a defendant's conduct 'shocks the conscience.'" Nix v. Franklin County School District, 311 F.3d 1373, 1375 (11th Cir. 2002), quoting County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 1717 (1998). The Supreme Court has recognized that conduct which might shock the conscience in one circumstance would fall short of that standard in other circumstances. Notably, when an officer is seeking to restore and maintain order in a jail, he is able to use force that would be unacceptable in the calm arrest of a docile individual.

In the circumstances alleged in the case sub judice, the court holds that even if a deputy did shove the plaintiff to the floor, this shoving, in light of the fact that the officer was dealing with a belligerent, drunk, yelling inmate while also trying to see that a prisoner who had just attempted suicide was placed in a more secure environment, did not shock the conscience.

4

Because the court holds that the undisputed facts do not show a constitutional violation, the court also holds that amending the plaintiff's complaint to allege the facts alleged in his deposition (and construing those facts in the light most favorable to him) would be futile.   Therefore, the plaintiff's Motion to Amend is DENIED.

In summary, (1) the plaintiff's Motion to Extend Time to File Answers to Defendants [*sic*] Motion for Summary Judgment [Doc. No. 43] is GRANTED; (2) the defendants' Motion for Summary Judgment [Doc. No.   40] is GRANTED; (3) the plaintiff's Motion to Amend [Doc. No.   56] is DENIED; (4) Sheriff Sparks's Motion to Dismiss [Doc. No. 38] is DISMISSED AS MOOT; and (5)Sheriff Sparks's Motion to Compel Discovery and to Extend the Deadline for Completing Discovery [Doc. No.   39] is DISMISSED AS MOOT.

SO ORDERED, this _5ᵀᴴ_ day of February, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge